UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LOUIS JOHNSON,

        Petitioner,           Case No. 1:08-cv-193

v.                                 Honorable Gordon J. Quist

CINDI S. CURTIN,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed for lack of merit in the grounds presented.

**Discussion**

  I.  Factual allegations

  Petitioner Robert Louis Johnson presently is incarcerated with the Michigan Department of Corrections and housed at the Oaks Correctional Facility. He currently is serving a term of eight to twenty years, imposed by the Ottawa County Circuit Court on January 3, 2005, after a jury found him guilty as a third felony offender, MICH. COMP. LAWS § 769.11, of one count of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(f). In his *pro se* petition, as amended, Petitioner raises two grounds for relief, as follows:

> I. DID THE TRIAL COURT ABUSE ITS DISCRETION BY ADMITTING EVIDENCE OF PETITIONER'S TEN-YEAR OLD SHOPLIFTING CONVICTION FOR THE PURPOSES OF IMPEACHMENT UNDER MRE 609?
>
> II. DID THE PROSECUTION COMMIT MISCONDUCT AND DENY PETITIONER A FAIR TRIAL BY VIOLATING ITS DUTY TO PRODUCE ENDORSED WITNESSES, AND DID THE TRIAL COURT REVERSIBLY ERRED BY NOT GIVING A "MISSING WITNESS" INSTRUCTION; IN THE ALTERNATIVE, WAS PETITIONER DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL DUE TO HIS TRIAL COUNSEL'S FAILURE TO OBJECT TO THE NON-PRODUCTION OF THE LISTED WITNESSES?

(Am. Pet., docket #15.)

  The facts underlying the conviction, as summarized by the Michigan Court of Appeals, were as follows:

> Late in the evening, on April 12, 2004, defendant and the victim, along with others, including August Cole-Ruth, Jamie Haverhals, Darcy Blackmon, and Heather Blackmon, attended a party at a Holland apartment rented by the mother of Jimmy Rice. According to the victim, when other guests started to leave the party sometime after midnight, she went to use the bathroom. While she was sitting on the toilet, defendant walked into the bathroom and locked the door. The victim asked him to leave. Instead of leaving, defendant turned the bathroom lights off and pinned the

>victim against the wall. After removing one of the victim's pant legs, defendant penetrated her vagina with his penis. The victim told defendant "no" and "to stop" three or four times.

(1/25/07 Mich. Ct. App. Op. ("MCOA Op."), at 1.)

Petitioner appealed as of right to the Michigan Court of Appeals. His brief, which was filed by counsel, raised the same two issues as raised in this application for habeas corpus relief. (See Am. Pet., ¶ 9, docket #10.) By unpublished opinion issued on January 25, 2007, the Michigan Court of Appeals rejected all appellate arguments and affirmed Petitioner's convictions and sentences. (See 1/25/07 MCOA Op.)

Petitioner filed a pro per application for leave to appeal to the Michigan Supreme Court. Petitioner raised the same two claims raised before and rejected by the Michigan Court of Appeals. By order entered July 18, 2007, the Michigan Supreme Court denied his application for leave to appeal because it was not persuaded that the questions presented should be reviewed. The instant petition was filed on February 7, 2008.

II.    Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 791 (2001), *cert. denied, Texas v. Penry*, 547 U.S. 1200 (2006). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:

"(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). "Yet, while the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing

- 4 -

*Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

    III.    Analysis

        **A.**    **Admission of conviction**

In his first ground for habeas relief, Petitioner contends that the trial court abused its discretion by admitting evidence of Petitioner's ten-year-old shoplifting conviction for purposes of impeachment under MICH. R. EVID. 609. Petitioner's challenge is not cognizable in a federal habeas proceeding.

The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id.* at 67-68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. State-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quotation omitted); *accord Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). This approach accords the state courts wide latitude in ruling on evidentiary matters. *Seymour*, 224 F.3d at 552 (6th Cir. 2000). Here, Petitioner has neither argued nor demonstrated that the admission of his prior conviction was so egregious as to offend due process.

Further, under the AEDPA, the court may only grant relief if Petitioner is able to show that the state court's evidentiary ruling was in conflict with a decision reached by the Supreme Court on a question of law or if the state court decided the evidentiary issue differently from the Supreme Court on a set of materially indistinguishable facts. *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000). Petitioner cannot meet this difficult standard. The Supreme Court has never articulated a constitutional test governing the admission of evidence of prior convictions for purposes of impeachment. The matter is governed completely by the rules of evidence and before that, the common law. In the absence of a clearly established holding of the Supreme Court on the issue, a

- 6 -

habeas petitioner cannot prevail. *See Price v. Vincent*, 538 U.S. 634 (2003). As a result, Petitioner is not entitled to habeas relief on his first asserted ground.

### B.     Endorsed witnesses

In his second ground for habeas relief, Petitioner contends that the prosecutor committed misconduct and denied him a fair trial by failing to produce all endorsed witnesses at trial. He also argues that his trial attorney was constitutionally ineffective in failing to object to the non-production of certain listed witnesses and in failing to request a jury instruction on missing witnesses.

#### 1.     Prosecutorial misconduct

In order for a petitioner to be entitled to habeas relief on the basis of prosecutorial misconduct, the petitioner must demonstrate that the prosecutor's improper conduct "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). "[T]he touchstone of due process analysis . . . is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982)). In evaluating the impact of the prosecutor's misconduct, a court must consider the extent to which the claimed misconduct tended to mislead the jury or prejudice the petitioner, whether it was isolated or extensive, and whether the claimed misconduct was deliberate or accidental. *See United States v. Young*, 470 U.S. 1, 11-12 (1985). The court also must consider the strength of the overall proof establishing guilt, whether the conduct was objected to by counsel and whether a curative instruction was given by the court. *See id.* at 12-13 (1985); *Darden*, 477 U.S. at 181-82; *Donnelly*, 416 U.S. at 646-47; *Berger v. United States*, 295 U.S. 78, 84-85 (1935).

Here, Petitioner argues that the prosecutor committed misconduct by failing to produce endorsed witnesses or to explain his attempts to produce those witnesses, as required under state law. Petitioner's argument is without merit for several reasons.

First, the court may entertain an application for habeas relief on behalf of a person in custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). It is not the province of a federal habeas court to re-examine state-law determinations on state-law questions. *Estelle*, 502 U.S. at 68. As a consequence, assuming Michigan law required the production of endorsed *res gestae* witnesses at trial, that requirement would not be the proper subject of a habeas corpus petition.

Second, no United States Supreme Court decision requires the prosecution to produce all endorsed witnesses at trial. As a result, any failure of the prosecutor to do so does not violate clearly established precedent of the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1).

Third, under Michigan law, the prosecutor has a duty only to attach a list of all *res gestae* witnesses known to him and to provide reasonable assistance to locate such witnesses at a defendant's request. *See* MICH. COMP. LAWS § 767.40a; *People v. Gadomski*, 592 N.W.2d 75, 81 (Mich. Ct. App. 1998) (citing *People v. Burwick*, 537 N.W.2d 813, 816 (1995)). The prosecutor no longer has a duty under Michigan law "to use due diligence to produce any witness who might have any knowledge, favorable or unfavorable, to either side . . . ." *Burwick*, 537 N.W.2d at 816. The cases cited by Petitioner were decided under a now superseded state statute, which imposed greater duties on the prosecutor. As a consequence, Petitioner's claim is meritless under state law.

Finally, the Michigan Court of Appeals, in addressing the question, concluded that defense counsel had conceded that the witnesses were unavailable by moving to admit the written

statements of the three missing witnesses under MICH. R. EVID. 804(b)(7). Under that provision, "there must be a showing that the declarant is unavailable." (1/25/07 MCOA Op. at 4 (citing MICH. R. EVID. 804(b)). The court of appeals found that, in light of the concession, due diligence was shown. That factual conclusion is entitled to a presumption of correctness under AEDPA. *Sumner*, 449 U.S. at 546. Petitioner has failed to demonstrate any evidence, much less clear and convincing evidence, that the conclusion is erroneous. *Id.*

The prosecutor's conduct did not violate state law, let alone amount to a grave instance of misconduct that undermined the fairness of the trial. Petitioner's claim of prosecutorial misconduct is wholly without merit.

### 2.  Ineffective assistance of counsel

Petitioner argues that his trial attorney was ineffective for failing to insist that the prosecution establish that it could not produce the missing witnesses and for failing to request a missing witness instruction.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also*

*Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691. A claim of ineffective assistance of counsel presents a mixed question of law and fact. Accordingly, the Court must apply the "unreasonable application" prong of § 2254(d)(1). *See Barnes v. Elo*, 339 F.3d 496, 501 (6th Cir. 2003).

Applying the *Strickland* standard,[1] the Michigan Court of Appeals addressed Petitioner's claim of ineffective assistance as follows:

> Defendant asserts that no reasonable strategy could explain counsel's failure to insist that the prosecution establish that it could not locate Darcy, Heathery, and Rice despite an exercise of due diligence. We disagree. As noted above, defense counsel sought to admit the written statements of Darcy, Heather and Rice under MRE 804(b)(7), which was conditioned on the witnesses' unavailability. Defense counsel's failure to raise the issue of the prosecutor's lack of due diligence in locating the witnesses may therefore have been a matter of trial strategy to support admission of the favorable written statements.
>
> Finally, counsel was not ineffective for failing to request the missing witness instruction. As stated earlier, the missing witness instruction was unwarranted in this case, and therefore, any request for the missing witness instruction would have been futile. Counsel is not required to make a meritless motion or a futile objection.

(1/15/2007 MCOA Op. at 4 (citations omitted).

The court of appeals' determination unquestionably constitutes a reasonable application of established Supreme Court precedent. First, in a pretrial hearing, the prosecutor made

---

[1] The Michigan Court of Appeals cited only Michigan case law. However, the court specifically discussed the issue as a Sixth Amendment claim and it applied the same standard articulated in *Strickland*.

limited representations about the availability of the three witnesses. The prosecutor noted that bench warrants had been issued for two of those witnesses, and one had failed to appear for his own felony trial. At the same pretrial hearing, defense counsel sought to introduce the statements of the three individuals, all of whom had stated that the victim had sexually pursued Petitioner during the course of the evening of the incident. Counsel's effort to introduce unambiguously helpful written statements when he already was aware of impediments to obtaining the witnesses at trial was a sound and sensible trial strategy. The state court's conclusion was both reasonable and correct.

Counsel's failure to request a missing-witness instruction cannot be deemed a violation of the Sixth Amendment, because it was not objectively unreasonable. The Michigan Court of Appeals ruled that "the missing witness instruction was unwarranted in this case," as a matter of state law. A habeas court is bound by the state courts' holdings on state law. *See Thompson v. Beck*, 215 F. App'x 431, 436 (6th Cir. 2007). Counsel cannot be deemed ineffective for failure to request an instruction that is unwarranted under state law, as counsel has no constitutional duty to raise futile or meritless arguments. *See Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). This claim therefore fails on the first prong of the *Strickland* standard. The state court's determination that defense counsel's performance was within the range of professionally competent assistance constituted a reasonable application of established Supreme Court precedent.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 for lack of merit in the grounds presented. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  May 1, 2008              /s/  Joseph G. Scoville
                                 United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).